Filed 10/27/25  P. v. Smith CA4/2
Opinion following transfer from Supreme Court
*See concurring opinion*

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E081229 & E082184 |
| v. | (Super.Ct.No. INF1600624) |
| WILLIE ROY SMITH III, | OPINION |
| Defendant and Appellant. | |

APPEALS from the Superior Court of Riverside County.  John D. Molloy, Judge. Affirmed.

Nancy J. King, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Charles C. Ragland, Chief Assistant Attorney General, Christopher P. Beesley and Michael D. Butera, Deputy Attorneys General, for Plaintiff and Respondent.

1

In 2018, Defendant Willie Roy Smith pled guilty to attempted premeditated murder (Pen. Code,[1] §§ 664, 187, subd. (a)), admitting a gun discharge enhancement (§ 12022.53, subd. (d)), and other offenses, with a stipulation regarding the factual basis being taken from the preliminary hearing transcript. He was thereafter sentenced to an aggregate term of 32 years to life in prison. In 2022, Defendant filed a petition for resentencing pursuant to section 1172.6, in which he asserted he could not presently be convicted of the crime, but his petition was denied. He appealed from that denial, and in a split decision we reversed the denial because the trial court considered the preliminary hearing transcript in determining if a prima facie showing had been made.

The People petitioned for review, which was granted, and the California Supreme Court retransferred the case to us with directions to vacate our decision and to reconsider it in light of *People v. Patton* (2025) 17 Cal.5th 549 (*Patton* II). We have complied with that direction and requested supplemental briefing from the parties. We now affirm the trial court's denial of the resentencing petitions.

**BACKGROUND**

In 2016, the People charged Defendant with the attempted murder of Jane Doe, and numerous other offenses arising from the incident in which Defendant, who was driving Doe, the mother of his child, fired a gun at Doe as she sat in the back seat next to her infant child.

---

[1] Except as otherwise indicated, all statutory references are to the Penal Code.

2

At the preliminary hearing, Doe testified that on May 7, 2016, she was walking to the grocery store with her then two-month old baby (whose father is Defendant), when Defendant pulled up alongside her and offered her a ride. Although reluctant at first, Doe accepted and got into the back seat with the baby.

While driving back from the store, instead of taking Doe home, Defendant drove past where she lived at the time with her grandmother, heading towards a location where he and she had gone in the past to have sex. Defendant demanded that Doe have sex with him, but when she refused and pled with him to take her home, Defendant called her names, stopped the car, pulled out a gun, turned, and shot her.

Doe estimated he shot her two or three times. The bullets struck her in the head, neck, and hands. While Doe drifted in and out of consciousness, bleeding in the back seat, Defendant drove to a liquor store, purchased liquor, and returned to the car with the alcohol, and continued to drive, telling Doe, "We going to die. I'm sorry. I have to do it. We going to die."

Doe passed out while Defendant was driving, regaining consciousness to find law enforcement were present, and she was being placed into an ambulance. Defendant had pulled onto the center divider of eastbound Interstate 10, where a highway patrol officer made a traffic stop after multiple calls regarding his reckless driving. Defendant spontaneously said he had "f----ed up" and told the officer to "just shoot me." During the traffic stop, the highway patrol officer noticed Doe, bleeding, lying on the floorboard in the rear right passenger area of the car.

During the pendency of the action, Defendant wrote multiple letters to Doe asking her to help him out, not to testify, or to "switch the story," indicating he had told the police that at the store where they had been shopping that some guy approached the car and shot a gun at the window. Defendant warned Doe that if she did not tell the police the same thing, they would take her baby. He apologized to her in the letters, stating that he had "f----ed up" and asked her to come to court and help him out.

On November 4, 2016, Defendant was charged in a 13-count information, with attempted murder (§§ 664, 187, subd. (a), count 1), corporal injury to a spouse (§ 273.5, subd. (a), count 2), child endangerment (§ 273a, count 3), dissuading a witness (§ 136.1, subd. (a), counts 4-7), violation of a protective order (§ 273.6, subd. (a), counts 8-11, misdemeanors), and driving while intoxicated with a prior conviction for driving while intoxicated. (Veh. Code, § 23152, subds. (a) & (b), counts 12 & 13.) As to count 1, the information also alleged that the Defendant personally discharged a firearm causing great bodily injury (§ 12022.53, subd. (d)) and personal infliction of great bodily injury. (§ 12022.7, subd. (e).) As to count 2, the information alleged that Defendant personally used a firearm (§ 12022.5, subd. (a)) and that he personally inflicted great bodily injury. (§ 12022.7, subd. (e).)

In March 2018, Defendant pled guilty to one count of deliberate and premeditated attempted murder (§§ 664, 187, subd. (a), count 1), one count of dissuading a witness (§ 136.1, subd. (a)), and one misdemeanor count of driving under the influence (Veh. Code, § 23152, subd. (b)). He also admitted that he personally and intentionally discharged a firearm and caused great bodily injury within the meaning of section

4

12022.53, subdivision (d) during the commission of the attempted murder. The parties stipulated that the preliminary hearing transcript provided a factual basis for the plea and that Defendant agreed to a sentence of 32 years to life plus a consecutive determinate term of two years in state prison.

On December 11, 2018, the trial court denied Defendant's motion to withdraw his plea of guilty, made on the ground he thought he was only agreeing to the sentence that would be imposed if he were convicted at trial, but that there would be a trial where he would tell his story. He denied reading the guilty plea forms or being advised that he was waiving his right to a trial. On July 31, 2020, Defendant was sentenced in accordance with the stipulated sentence bargain.

On March 13, 2022, Defendant filed his first petition for resentencing pursuant to section 1172.6. Defendant's petition alleged that (1) an information had been filed against him that allowed the prosecution to try him for attempted murder under the natural and probable consequences doctrine, (2) he accepted a plea offer in lieu of a trial at which he could have been convicted of attempted murder, and (3) he could not presently be convicted of attempted murder because of changes to accomplice liability for murder made by Senate Bill No. 1437 (2017-2018 Reg. Sess.). In an attachment to the petition, Defendant argued that he did not shoot Doe; rather, an unknown person came up to the car and shot Doe through the window.

At the prima facie hearing on the petition, the People argued that Defendant was ineligible for relief because he was convicted under a still-valid theory of murder. Relying on the former appellate decision in *People v. Patton* (2023) 89 Cal.App.5th 649

5

(*Patton I*), review granted June 28, 2023, S279670, the People argued that the preliminary hearing transcript, to which the parties had stipulated as the factual basis for the plea, contained uncontroverted evidence that Defendant was the direct perpetrator of the attempted murder.  The trial court denied the petition, stating that it was "satisfied with [Doe's] eyewitness testimony that [D]efendant was the person who shot her."

On April 14, 2023, Defendant filed a second section 1172.6 petition on the same grounds, although no attachments to this petition are in the record.  The court held the prima facie hearing for that petition on September 23, where the People reiterated their argument from the first hearing but informed the court that the California Supreme Court had granted review in *Patton I*, *supra*, 89 Cal.App.5th 649, review granted.  In response, the court asked the parties if there was anything in the preliminary hearing transcript "that would suggest any other theory" of liability, and Defendant's appointed counsel replied, "Nothing at all."  The trial court again denied the petition.

Defendant filed notices of appeal as to both orders denying his petitions, which were consolidated.  (*People v. Smith* (July 24, 2024, E081229, E082184) [nonpub. opn.] [2024 Cal.App. Unpub. LEXIS 4611, at *4] (*Smith*).)

In our original opinion, the majority concluded that it was error to deny Defendant's petitions at the prima facie stage, because he sufficiently alleged a prima facie case for relief and the record of conviction does not contain facts refuting the allegations of his petitions.  (*Smith*, *supra*, E081229, E082184 [2024 Cal.App. Unpub. LEXIS 4611, at *9, 12–13, 15–16.)  In his dissent, Presiding Justice Ramirez disagreed with the absolute approach used by the majority to preclude consideration of a

6

preliminary hearing transcript, in light of the holding in *People v. Lewis* (2021) 11 Ca1.5th 952, which permits the trial court to consider the preliminary hearing transcript as part of the record of conviction to determine if the allegations of the resentencing petition have been refuted. (*Smith*, *supra*, E081229, E082184 [2024 Cal.App. Unpub. LEXIS 4611 at *21] (dis. opn., of Ramirez, P. J).)

After our opinion was filed (*Smith*, *supra*, E081229, E082184 [2024 Cal.App. Unpub. LEXIS 4611]), the People petitioned for review, and the Supreme Court issued a grant and hold pending its decision in *Patton I*, *supra*, 89 Cal.App.5th 649 as the lead case. Upon the filing of its opinion in *Patton II*, *supra*, 17 Cal.5th 549, the Supreme Court retransferred this case to us with directions to vacate our opinion and reconsider it in light of *Patton II*. We have now done so.

### DISCUSSION

Following the Supreme Court's remand of this case in light of *Patton II*, Defendant submitted a supplemental brief arguing that notwithstanding the new precedent, the denial of Defendant's section 1172.6 must be reversed and remanded to the superior court with directions to issue an order to show cause followed by an evidentiary hearing. The People argue to the contrary, that the Supreme Court holding in *Patton II*, *supra*, 17 Cal.5th 549 approved of the trial court's reference to the preliminary hearing transcript, seeking affirmance of the denial of the resentencing petition. The People have the better argument.

We begin by acknowledging that a person convicted of attempted murder under the natural and probable consequences doctrine is entitled to petition for relief under

7

section 1172.6. (§ 1172.6, subd. (a).) The petition must be accompanied by a declaration by the petitioner that the petitioner is eligible for relief under this section, based on all the requirements of subdivision (a). (§ 1172.6, subd. (b)(1)(A).)

Pertinent to cases involving convictions of attempted murder, section 1172.6 sets requirements for the contents of a resentencing petition, including an averment as to all of the following: (1) that the accusatory pleading allowed the prosecution to proceed on the theory of attempted murder under the natural and probable consequences doctrine, (2) that the petitioner was convicted of attempted murder after accepting a plea offer in lieu of a trial at which the petitioner could have been convicted of murder or attempted murder, and (3) that the petitioner could not presently be convicted of attempted murder because of changes to sections 188 or 189 made effective January 1, 2019. (§ 1172.6, subd. (a)(1)–(3).)

Accordingly, a defendant previously convicted of a qualifying offense may file a petition pursuant to section 1172.6. Upon receipt of a facially sufficient petition, the superior court appoints counsel if requested by the petitioner. (§ 1172.6, subd. (b)(3).) "A petition that includes '[a] declaration by petitioner that the petitioner is eligible for relief . . . , based on all the requirements of subdivision (a),' the case number and year of the petitioner's conviction, and whether the petitioner seeks counsel is facially sufficient and entitles the petitioner to counsel. (§ 1172.6, subd. (b).)" (*Patton II*, *supra*, 17 Cal.5th at pp. 558–559, citing *People v. Lewis* (2021) 11 Cal.5th 952, 957 (*Lewis*.) The prosecutor must then file a response to the petition, and a reply may be filed by the

8

petitioner.  (§ 1172.6, subd. (c); *Patton II*, at p. 559.)  The court shall then "hold a hearing to determine whether the petitioner has made a prima facie case for relief."  (*Ibid*.)

After a facially sufficient petition has survived the initial stage, and counsel has been appointed to submit briefing, the superior court proceeds to determine if a prima facie showing has been made, """"tak[ing] petitioner's factual allegations as true and mak[ing] a preliminary assessment regarding whether the petitioner would be entitled to relief if his or her factual allegations were proved.""""  (*Lewis*, *supra*, 11 Cal.5th at p. 971.)  In conducting this inquiry, "a court should not reject the petitioner's factual allegations on credibility grounds without first conducting an evidentiary hearing."  (*People v. Drayton* (2020) 47 Cal.App.5th 965, 978, citing *In re Serrano* (1995) 10 Cal.4th 447, 456.)

At the prima facie stage, the trial court can rely on the record of conviction to determine whether it refutes the petitioner's claim of eligibility.  (*Lewis*, *supra*, 11 Cal.5th at pp. 970–972.)  The court may deny the petition at the prima facie stage only if the record of conviction conclusively establishes that the petitioner is ineligible for relief as a matter of law.  (*Id*. at p. 971.)  A court may not engage in factfinding or weighing of evidence in making this determination at the prima facie stage.  (*Id*. at p. 972.)  "'However, if the record, including the court's own documents, "contain[s] facts refuting the allegations made in the petition," then "the court is justified in making a credibility determination adverse to the petitioner.""'  (*Id.* at p. 971.)

Thus, "[a]lthough the court must generally take the petitioner's factual allegations as true, *it is not required to accept factual allegations that are conclusively refuted by the*

9

*record of conviction, including the court's own documents.*"  (*People v. Gaillard* (2024) 99 Cal.App.5th 1206, 1211 (italics added), citing *Lewis, supra*, 11 Cal.5th at p. 971.)

Herein lies the difficulty with Defendant's petition.  On the form petitions for resentencing, Defendant duly checked the box stating he had been prosecuted for attempted murder under the natural and probable consequences theory and that he could not presently be convicted of that crime under current law.  Yet the declarations he attached to each petition conclusively refuted the checked boxes by setting out a scenario in which he was just as much a victim as Doe insofar as a strange person approached the vehicle and fired into the car, striking Doe.  Additionally, the accusatory pleadings and the preliminary hearing transcript establish that Defendant was not prosecuted under the natural and probable consequences theory; he was prosecuted as the sole shooter.

Further, we note that the Defendant's rendition of facts as set forth in the declaration attached to his first resentencing petition was the basis for the witness intimidation (or tampering) counts for which he pled guilty to one count of violating section 136.1, subdivision (a)(1).  In other words, the "some other dude did it" defense was the defense he sought to establish by threatening Doe to "switch up" her testimony. The preliminary hearing transcript directly refuted Defendant's declaration in support of the resentencing petition, and was part of the record of conviction, considering both the preliminary hearing transcript and the guilty plea to the witness intimidation counts.

But there's more.  The prosecution's theory was at all times that Defendant was the sole shooter.  The evidence it presented in the preliminary hearing included the victim's testimony that Defendant was the shooter and that he acted alone.  This testimony formed

the factual basis for Defendant's plea by stipulation. At the prima facie stage, the record of conviction includes the preliminary hearing transcript preceding a guilty plea. (*Patton II*, *supra*, 17 Cal.5th at p. 568, citing *People v. Reed* (1996) 13 Cal.4th 217, 223.) The record of conviction thus refutes the statements on the face of the petition that Defendant could not be convicted of attempted murder following the statutory amendments.

We are aware that in *Gallardo*, *supra*, 4 Cal.5th at pages 124–125, the Supreme Court forbade courts from conducting "its own independent review of record evidence to determine what conduct 'realistically' led to the defendant's conviction." (*Id*. at p. 124; see *Patton II*, *supra*, 17 Cal.5th at p. 568.) However the trial court's reliance on the preliminary hearing transcript here did not violate that prohibition.

In *Gallardo*, the defendant alleged a Sixth Amendment violation where there were allegations under both section 667, subdivision (a), as well as under the Three Strikes law (§ 667, subds. (b)-(i)), relating to a prior conviction of assault by means of force likely to produce great bodily injury, where convictions under former section 245, subdivision (a)(1), were not expressly listed in the statute defining serious felonies. (§ 1192.7, subd. (c)(31).) There, the lower court had examined the record of the prior conviction to determine if it qualified as a serious felony for both the "nickel prior" conviction [five-year enhancement] as well as a strike, thereby going "outside the record" to determine if the prior felony conviction qualified as a serious felony. The Supreme Court in *Gallardo* reasoned, "While a sentencing court is permitted to identify those facts that were already necessarily found by a prior jury in rendering a guilty verdict or admitted by the defendant in entering a guilty plea, the court may not rely on its own independent review

11

of record evidence to determine what conduct 'realistically' led to the defendant's conviction. (*Gallardo*, *supra*, 4 Cal.5th at p. 124.)

In *Patton II* the Supreme Court held that *Gallardo* did not preclude consideration of the preliminary hearing transcript in the context of resentencing petitions stating, "Rather than resolving a contested factual dispute, statements within Patton's preliminary hearing transcript contributed specific factual assertions about his conviction—namely, that it was premised on him being the sole shooter. Patton's conclusory checkbox allegations alone could not create a factual dispute about whether he played a meaningfully different role in the attempted murder." (*Patton II*, *supra*, 17 Cal.5th at p. 569.) Additionally, the Supreme Court disapproved of appellate decisions in which the use of preliminary hearing transcripts at the prima facie stage was conditioned on whether a defendant, when pleading guilty, stipulated to the transcript or its contents. (*Ibid.*)

Here, Defendant did stipulate to the preliminary hearing transcript as providing the factual basis for his guilty plea. The trial court was authorized to consider it in determining if it refuted the allegations of his resentencing petition in which he alleged he was convicted under the natural and probable consequences doctrine. The transcript, along with the accusatory pleading, established that Defendant was *not* convicted of attempted murder under the natural and probable consequences doctrine because he was the actual shooter. Instead, he was prosecuted as the sole shooter and pled guilty as the sole shooter. The record of conviction, including the preliminary hearing, conclusively refuted the allegations in the resentencing petition, as provided in *Lewis* and *Patton*. The

12

trial court properly considered the preliminary hearing transcript, which, by Defendant's stipulation, established the factual basis for his guilty plea, to determine if Defendant made a prima facie showing on his resentencing petitions.

The resentencing petitions were properly denied at the prima facie stage.

### DISPOSITION

The orders denying the resentencing petitions are affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

RAMIREZ
P. J.

I concur:

CODRINGTON
J.

13

[*People v. Smith*, E081229/E082184]

MENETREZ, J., Concurring.

 *People v. Patton* (2025) 17 Cal.5th 549 (*Patton*) held that if a petition under Penal Code section 1172.6 is supported only by "conclusory, checkbox allegations" and the preliminary hearing transcript contains "unchallenged, relief-foreclosing facts," the petition may be denied on that basis at the prima facie stage. (*Patton*, at p. 564.) (Unlabeled statutory references are to the Penal Code.) In such circumstances, the petitioner bears "the burden of coming forward with nonconclusory allegations" that create a material factual dispute. (*Id.* at p. 567.)

 The present case is distinguishable from *Patton* because defendant Willie Roy Smith did not rely exclusively on conclusory, checkbox allegations. Rather, in a declaration under penalty of perjury, he gave a detailed description of his version of the facts, according to which the victim was shot by an unidentified stranger.

 Smith's declaration does not, however, create a material factual dispute, for at least two reasons. First, the declaration directly contradicts his prior admission that he personally and intentionally discharged a firearm and caused great bodily injury within the meaning of section 12022.53, subdivision (d), during the commission of the attempted murder. Second, Smith has not described a factual scenario under which he could have been convicted of attempted murder under prior law but can no longer be convicted under current law. Instead, under Smith's version of events, he would be innocent even under prior law. Smith's guilty plea forecloses reliance on any such version of events. The petitioner "cannot use a section 1172.6 resentencing hearing to

1

relitigate facts already determined, whether by plea, admission, or verdict." (*People v. Rodriguez* (2024) 103 Cal.App.5th 451, 458.)

For the foregoing reasons, Smith's petitions were correctly denied at the prima facie stage. I therefore concur in the judgment.

MENETREZ _____

J.

2